IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENE MEDINA,

    Plaintiff,                      No. CIV S-10-0502 GGH P

    vs.

KATHLEEN L. DICKINSON, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. See docket # 5, filed on March 10, 2010.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 14.66 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at *12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

1  misconduct alleged." Id.

2  In reviewing a complaint under this standard, the court must accept as true the
3  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
4  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
5  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
6  1843 (1969).

7  The complaint states a colorable claim for relief against defendants Kathleen
8  Dickinson, warden of California Medical Facility-Vacaville (CMF); Sgt. R. Thomas; Captain D.
9  Hurtado; J.P. Gonzalez; Chief Deputy Warden G. Swarthout; Lieutenant R. Douglas;
10 Correctional Counselor (CC) II Hudnall; CC II W.J. Sinkovich; CC I Garry; Vocational
11 Instructor J. Clark; Chief of Inmate Appeals N. Grannis, pursuant to 42 U.S.C. § 1983 and 28
12 U.S.C. § 1915A(b).

13 Plaintiff has submitted a complaint of 100 pages with a separate addendum of
14 another 30 pages, for a total of 130 pages, most of which are exhibits. The addendum, although
15 filed on the same day, constitutes a supplement, and is violative of Local Rule 220, in that it is
16 not complete within itself without reference to the prior pleading. The addendum therefore will
17 be stricken.

18 The gravamen of plaintiff's complaint is that he was deprived of due process and
19 subjected to cruel and unusual punishment by having been placed in administrative segregation
20 for nine months although the original serious rules violation for which he was found guilty was
21 dismissed because due process was violated when he was denied witnesses; a new hearing was
22 ordered but it is not clear whether a new hearing was ever held. Complaint, pp. 5, 8, 41-42, 65-
23 66.[1]

24 \\\\\

25 

26 [1] Only the court's electronic docket pagination is referenced.

1    Plaintiff also claims that on February 20, 2010, a C/O Echeverria (not named as a
2  defendant) got mad at two officers who had hand-cuffed plaintiff in front (for documented
3  medical reasons), saying that he then went to physical therapy for arthritis in his shoulders.
4  Complaint, p. 6.  It is unclear whether plaintiff is saying that it is his arthritis that necessitates the
5  cuffing in front or that he was cuffed in back after Echeverria's interference, resulting in his
6  arthritis condition becoming exacerbated.
7    The next day, on Feb. 21, 2010, after Echeverria spoke to defendant DeMars, the
8  two placed a big sign outside plaintiff's cell, stating "Do not cuff this inmate in front," per Sgt.
9  DeMars.  Complaint, p. 6.  Plaintiff claims that other officers do not understand why this was
10 done as they say plaintiff does not cause problems.  Id., at 7.
11    When plaintiff was placed in Administrative Segregation (Ad Seg), as ordered by
12 defendant Thomas, after issuance of an RVR-115 on May 22, 2009 by defendant Clark, Thomas
13 failed to ensure that the outlet in his assigned cell was working as required for his continuous
14 positive air pressure (C-PAP) device.  Complaint, p. 8.  Nor did defendant Thomas make sure
15 that the sterilized water that plaintiff needed for the device was placed among his property upon
16 his being removed from general population.  Id.  Plaintiff, however, does not set forth what ill
17 effects he suffered from these alleged omissions, if any.
18    In order to state a § 1983 claim for violation of the Eighth Amendment based on
19 inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence
20 deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.
21 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively
22 serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter,
23 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.
24 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."
25 Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).
26 \\\\\

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

1    Also significant to the analysis is the well established principle that mere
2 differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth
3 Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon,
4 662 F.2d 1337, 1344 (9th Cir. 1981).
5    Moreover, a physician need not fail to treat an inmate altogether in order to violate
6 that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.
7 1989). A failure to competently treat a serious medical condition, even if some treatment is
8 prescribed, may constitute deliberate indifference in a particular case. Id.
9    Additionally, mere delay in medical treatment without more is insufficient to state
10 a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766
11 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is
12 no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing
13 Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-
14 1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends
15 to provide additional support for a claim of deliberate indifference; however, it does not end the
16 inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the
17 medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those
18 needs, the more likely it is that a plaintiff has established deliberate indifference on the part of
19 the defendant." McGuckin, 974 F.2d at 1061.
20    To the extent plaintiff seeks to allege that he received inadequate medical care due
21 to the actions of C/O Echeverria (not properly identified as a defendant), defendant DeMars and
22 defendant Thomas, those claims will be dismissed but plaintiff will be granted leave to amend.
23    Plaintiff named CCI Garry as a defendant but fails to link this individual to any
24 constitutional violations within his complaint. Plaintiff references a Library Tech named M.
25 McAttee, along with defendant Thomas, as having offered false testimony on July 23, 2009, but
26 has not specifically named him as a defendant or provided an adequate context for his allegation

against this individual. Defendant Garry and M. McAttee (not clearly identified as a defendant) will be dismissed but plaintiff will be granted leave to amend.

When on September 8, 2009, plaintiff asked defendant DeMars if he could have his radio, DeMars "made a threatening statement," which plaintiff does not set forth, but which he reported to the Office of the Inspector General that day, and reported to his assigned social worker, Paul Reyes (not a defendant) on September 10, 2009. Complaint, p. 11. Reyes reported plaintiff's concerns on his case manager progress notes on that day. Id.

Plaintiff states that on December 29, 2009, upon defendant DeMars' orders, two officers not named as defendants told plaintiff that he had a clinic appointment for his liver, which was a lie. Complaint, p. 13. Instead, a C/O Wheeler, also not a defendant, in Receiving and Release told plaintiff that he was being transferred, which plaintiff refused to do because of his liver treatment and because his RVR has been dismissed. Id. Defendant DeMars threatened to write plaintiff up for refusing, which he apparently did on December 29, 2009, and non-defendant Officer Ramirez allegedly confessed that everyone knew plaintiff had been lied to in order to get him transferred. Id.

After plaintiff's property and food were removed from his cell on December 29, 2009, plaintiff went on a ten-day hunger strike, for which he was placed in a hospital for three days, from January 4 to January 6, 2010. Complaint, p. 14. Defendant DeMars visited plaintiff on Jan. 5, 2010, to inform plaintiff that the warden (defendant Dickinson) would be present to address his concerns at a Jan. 6, 2010, classification committee hearing. Id. Because he was in the hospital, plaintiff did not go to the committee until Jan. 13, 2010; defendant Dickinson was not there. Id. On Feb. 24, 2010, plaintiff refused to go to another classification committee hearing, of which he was notified by defendant DeMars the day before, because he was never allowed to present his defense and because DeMars, who has threatened him, is always assigned as his assistant. Complaint, p. 15.

\\\\\

Plaintiff fails to frame a colorable claim against defendant DeMars with these allegations. No due process violation is set forth, nor does plaintiff set forth a retaliation claim. In order to frame a retaliation claim, plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)).

In addition, generally, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225, 96 S. Ct. 2532, 2538 (1976). See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be

more disagreeable in one institution than in another" without violating the prisoner's due process rights). Defendant DeMars will be dismissed but plaintiff will be granted leave to amend.

Plaintiff states that he received confidential legal mail that was "completely unsealed," on October 16, 2009, and on February 12, 2010, but names no defendant as responsible for these incidents. Complaint, pp. 11, 15. These claims will be dismissed with leave to amend.

Plaintiff seeks injunctive relief and money damages. The undersigned notes that as to any claims for injunctive relief, court records indicate that plaintiff has, since the filing of this complaint on March 2, 2010, been transferred from CMF to California State Prison-Corcoran. See notice of change of address, docket # 6, filed on March 18, 2010. When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). Plaintiff has demonstrated no reasonable possibility that he will be incarcerated at CMF at any predictable time in the future. Therefore, the court finds that any claim for prospective injunctive relief should be dismissed as moot.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

\\\\\

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $ 14.66. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The addendum filed on March 2, 2010, (docket # 2) is hereby stricken as violative of Local Rule 220.

4. Plaintiff's claims against defendants Echeverria; DeMars; Garry and M. McAttee are dismissed. In addition, any claims of inadequate medical care against defendant Thomas are also dismissed. In addition, plaintiff's claims regarding having received unsealed confidential mail to which plaintiff links no defendant are dismissed, as well as any claim for prospective injunctive relief which has been mooted in light of his transfer. Plaintiff is granted leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants and/or claims be dismissed from this action.

\\\\\

\\\\\

\\\\\

1       5. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: June 2, 2010       /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
medi0502.b1