1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RENE MEDINA,

11              Plaintiff,                No. CIV S-10-0502 GGH P

12        vs.

13   KATHLEEN L. DICKINSON, et al.,

14              Defendants.              ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  On March 3, 2010, plaintiff's consent to the jurisdiction of

18   the undersigned was filed.  Docket # 5.  By order filed June 2, 2010 (docket # 8), plaintiff's

19   complaint was dismissed with leave to file an amended complaint.  Plaintiff has filed an

20   amended complaint which supersedes the original.  See Local Rule 220.

21              As plaintiff has been previously informed, the court is required to screen

22   complaints brought by prisoners seeking relief against a governmental entity or officer or

23   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

24   or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

25   fail to state a claim upon which relief may be granted, or that seek monetary relief from a

26   defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

                                          1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a

9  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11  "The pleading must contain something more...than...a statement of facts that merely creates a

12  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

16  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

17  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

18  Id.

19    In reviewing a complaint under this standard, the court must accept as true the

20  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

21  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

22  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

23  1843 (1969).

24    Plaintiff's claims are so vague and conclusory that the court is unable to determine

25  whether the current action is frivolous or fails to state a claim for relief.  Rule 8 of the Federal

26  Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the

1   claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord

2   Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with

3   vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.)   Plaintiff must

4   allege with at least some degree of particularity overt acts which defendants engaged in that

5   support plaintiff's claim.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

6   1984).

7            While plaintiff is to be commended for attempting to separately frame his claims

8   as to each defendant, in doing so he has not provided a sufficient factual predicate for his

9   allegations.  For example, as to defendant Clark, plaintiff claims that she issued a CDC-115

10  Rules Violation Report (RVR) on May 22, 2009, against him based on a "non-existent charge of

11  over-familiarity," causing him to be placed in administrative segregation (Ad Seg) for nine

12  months and resulting in his having been denied pre-approved family visits or the opportunity to

13  take part in his graduation from a Microsoft Specialist Certification program.  Amended

14  Complaint (AC), p. 4.  For plaintiff to simply make a claim that the charge was false or had a

15  "non-existent" basis is conclusory and simply insufficient to rise to what he characterizes as an

16  Eighth Amendment claim; i.e., it does not adequately support his claim of deliberate indifference

17  or cruel and unusual punishment.  Nor is it enough to allege, as he does, that she refused to

18  reconsider or that she introduced negative documents into his central file that might affect a

19  future determination of parole suitability, or that she has removed other students from her

20  classroom in a similar manner.  Id.  Plaintiff must provide the factual basis upon which he alleges

21  the RVR was wrongly issued.   Defendant Clark will be dismissed but plaintiff will be given one

22  more opportunity to amend.

23           As to defendant Thomas, plaintiff alleges that this defendant placed him in Ad

24  Seg on May 22, 2009, based on the "false charge," which subjected him to "cruel conditions," as

25  plaintiff was thereby unable to use his respiratory device for a week and this defendant also

26  allegedly placed an unidentified negative document in his central file on July 23, 2009,

1   prolonging the "cruel conditions." AC, p. 5.  Again, plaintiff has not made a sufficient showing

2   to support the alleged falsity of the RVR charge, nor does he show that by placing him in Ad Seg

3   it was defendant Thomas who was actually responsible for having deprived plaintiff of his

4   respiratory device for a week.  Defendant Thomas will be dismissed but plaintiff will be granted

5   leave to amend.

6          With regard to defendant Hurtado, plaintiff claims he violated plaintiff's due

7   process rights at his May 26, 2009, Ad Seg placement classification committee by not permitting

8   plaintiff to present a defense in the form of witnesses or supporting documentation, but plaintiff

9   does not provide any information as to what such evidence would have shown nor does he set

10  forth the constitutional basis upon which he claims he is entitled to such due process at a

11  classification hearing.  A prisoner does not have a constitutional right to a particular

12  classification status.  Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting

13  Moody v. Daggett, 429 U.S. 78, 88 n. 9,  97 S.Ct. 274, 279 (1976), wherein, in a footnote, the

14  Supreme Court explicitly rejected a claim that "'prisoner classification and eligibility for

15  rehabilitative programs in the federal system' invoked due process protections").  Nor does

16  administrative segregation "in and of itself...implicate a protected liberty interest."  Serrano v.

17  Francis, 345 F.3d 1071, 1078 (9th Cir. 2003, citing Sandin v. Connor, 515 U.S. 472, 486 115 S.

18  Ct. 2293 (1995)).  Moreover, plaintiff has not alleged sufficient facts to indicate that the

19  conditions of administrative segregation constituted an "atypical and significant hardship on

20  [him] in relation to the ordinary incidents of prison life." Sandin, supra, 515 U.S. at 484, 115 S.

21  Ct. at 2300.[1]  Defendant Hurtado will be dismissed but plaintiff will be granted leave to amend.

22

23       [1] Even assuming that the classification hearing could be construed as a disciplinary rather
     than non-disciplinary proceeding, plaintiff is not entitled post-Sandin to the procedural requisites
     identified by the Ninth Circuit in Toussaint v. McCarthy, 801 F.2d 1080, 1114 (9th Cir. 1986) for
24   a disciplinary hearing resulting in Ad Seg placement.  See Dunn v. Castro, No. 08-15957, ___
     F.3d ___, 2010 WL 3547637 * 6 (9th Cir.  Sept. 14, 2010), recognizing abrogation of Toussaint
25   by Sandin.   Thus, in Sandin, "the practice of looking to prison regulations to determine whether
     a liberty interest is invoked by an administrative segregation" was abandoned in favor of "a
26   return to examining the circumstances of confinement in determining whether a liberty interest is

1   Plaintiff's allegations against defendants Swarthout, Gonzalez and Hudnall also center on his

2   claims of due process violations at his Ad Seg placement classification committee and will also

3   be dismissed with leave to amend.

4          As to defendant Douglas, plaintiff claims that this defendant violated his due

5   process rights by not permitting plaintiff to present witnesses or documentary evidence at his

6   prison disciplinary hearing in July, 2009 on the RVR referenced earlier by plaintiff.  AC, p. 6.

7   Nevertheless, plaintiff states that the RVR was dismissed for due process violations.  Id.  When

8   the RVR was re-issued and re-heard, plaintiff claims that due process violations occurred again,

9   in the form of denial of witnesses, omission of documentary evidence and time limits that were

10  exceeded.  Id.  Plaintiff goes on to state that as to this issue, he is currently awaiting a third level

11  response to his administrative appeal.  Although plaintiff elsewhere claims to have exhausted all

12  his administrative remedies (AC, p. 10), on the face of it this assertion is belied by plaintiff's

13  own representation, at least as to this allegation, at the time he filed his complaint.

14         The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that,

15  "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

16  other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

17  such administrative remedies as are available are exhausted."  In <u>Booth v. Churner</u>, 532 U.S.

18  731,741, 121 S. Ct. 1819, 1825 (2001), the Supreme Court held that inmates must exhaust

19  administrative remedies, regardless of the relief offered through administrative procedures.

20  Moreover, 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison

21  conditions *until* such administrative remedies as are available are exhausted.  <u>McKinney v.</u>

22  <u>Carey</u>, 311 F.3d 1198 (9th Cir. 2002).  As he states in the amended complaint that he is still

23

24  implicated."  <u>Clement v. Dillard</u>, 1995 WL 463667 *1 (N.D. Cal. 1995) citing <u>Sandin</u> [515 U.S.
     at 483-484, 115 S. C.t 2293], which looks to whether the placement "imposes atypical and
     significant hardship on the inmate in relation to the ordinary incidents of prison life."  The High

25  Court has found that placement in a highly restrictive  "supermax" Ohio prison did implicate a
     liberty interest, entitling prisoners to due process before placement there, applying the <u>Sandin</u>

26  standard.  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 223-224, 125 S. Ct. 2384 (2005).

1    awaiting a third level review response, it is plain that he did not exhaust his administrative

2    remedies with regard to defendant Douglas before filing the amended complaint.  Rhodes v.

3    Robinson, No. 08-16363, ___ F.3d ___, 2010 WL 3489777 * 5 (9th Cir. Sept. 8, 2010) (PLRA

4    exhaustion requirement satisfied so long as plaintiff has exhausted his administrative remedies

5    prior to filing the amended complaint).  Defendant Douglas will be dismissed without prejudice

6    from this action because, while plaintiff may elect to proceed against him on this claim in another

7    action once plaintiff's claim against him is administratively exhausted, he may not do so in the

8    instant one.

9          As to defendant McAtee, plaintiff alleges that on July 23, 2009, she offered "false

10   testimony" against plaintiff, apparently in support of defendant Thomas, causing plaintiff's "cruel

11   conditions" to continue and leading to plaintiff's nervous breakdown and anxiety attack the next

12   day.  AC, p. 7.  Plaintiff states that he had to go to the emergency room and was later transferred

13   from general propulation Ad Seg to a mental health care Ad Seg, where he began to take

14   medication for anxiety and depression.  Id.  Once again plaintiff fails to provide an adequate

15   context for his claims.  Plaintiff's conclusory allegation of "false testimony" by this defendant

16   simply does not frame a colorable claim.  See Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. at 1949.

17   Defendant McAtee will be dismissed with leave to amend.

18         As to, however, the remaining defendants, including defendant Douglas[2]

19   addressed above, plaintiff will not be granted leave to amend in this action.  With regard to

20   defendant Warden Dickinson, plaintiff claims that she received a letter on August 26, 2009, from

21   the Office of Internal Affairs that plaintiff had sent.  AC, p. 7.  Plaintiff alleges that on September

22   1, 2009, when plaintiff was before a classification committee, defendant Dickinson and unnamed

23   subordinates concealed unspecified data from plaintiff's file so that the review committee would

24   approve plaintiff's transfer.  Id.  Nevertheless, the review committee deferred the request.  Id.

25

26        [2] As to defendant Douglas, plaintiff is free to attempt to proceed in a separate action
     against him once plaintiff has exhausted administrative remedies as to this individual.

1   Defendant Dickinson will be dismissed without leave to amend because plaintiff does not

2   provide enough information to provide context to this claim and, in any event, it appears that

3   whatever effort plaintiff claims that this defendant put in to have a committee approve plaintiff's

4   transfer proved fruitless, i.e., he sustained no injury by her alleged misconduct.   "Under Ninth

5   Circuit case law, district courts are only required to grant leave to amend if a complaint can

6   possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit

7   entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific

8   Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United

9   States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no

10  request to amend the pleading was made, unless it determines that the pleading could not be

11  cured by the allegation of other facts."). "[A] district court retains its discretion over the terms of

12  a dismissal for failure to state a claim, including whether to make the dismissal with or without

13  leave to amend."  Lopez v. Smith, 203 F.3d at 1124.   "The district court's discretion to deny

14  leave to amend is particularly broad where plaintiff has previously amended the complaint."

15  Metzler Inv. GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir. 2008), quoting In

16  re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

17              With respect to defendant DeMars, plaintiff alleges that he filed an appeal on

18  August 26, 2009, against this individual because plaintiff was not allowed to groom himself

19  properly.  AC, p. 7.  Plaintiff claims also that this defendant "made a direct death threat" to him

20  on September 8, 2009, while he was addressing his concerns about his health and living

21  conditions.  Id.  On December 29, 2009, defendant DeMars ordered plaintiff to remove his

22  property from his assigned cell.  AC, p. 8.  Plaintiff claims that he suffered an anxiety attack, was

23  taken to the emergency room and had to begin taking blood pressure medication.  Id.  Plaintiff's

24  health was deteriorating and he was undergoing liver treatment.  Id.  Plaintiff states that he went

25  on a hunger strike from December 29, 2009, until January 8, 2010, "for human rights."  Id.

26  (Apparently, this means that he was on a hunger strike while he was being treated for an anxiety

attack in an emergency room).  Two days after he filed the original complaint in this action,

defendant DeMars ordered plaintiff to get ready for a transfer, which plaintiff refused because of

the serious liver treatment he was undergoing.  Ultimately, he was forced to transfer which

extended his liver treatment by some three months, which he claims was a form of physical

injury.  To the extent that plaintiff seeks to frame a claim of deliberate indifference to his serious

medical needs predicated on defendant DeMars' having ordered plaintiff to prepare for a transfer,

which he apparently refused at the time, on the face of it is unclear whether this claim has been

administratively unexhausted prior to the filing of the amended complaint as plaintiff indicates

that this action by DeMars occurred after he had filed the original complaint in this action.

McKinney v. Carey, supra, 311 F.3d 1198; Rhodes v. Robinson, supra, 2010 WL 3489777 * 5.

To the extent that he intends to make such a claim with regard to what may have precipitated an

earlier alleged anxiety attack, plaintiff has been previously informed that in order to state a §

1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff

must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious

medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail,

plaintiff must show both that his medical needs were objectively serious, and that defendants

possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct.

2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The

requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian,

503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

          A serious medical need exists if the failure to treat a prisoner's condition could

result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

that a prisoner has a serious need for medical treatment are the following:  the existence of an

injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily

activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

8

F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); <u>Hunt v. Dental Dept</u>., 865 F.2d 198, 200-01 (9th Cir. 1989).  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Technologies v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.  <u>Farmer</u>, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  <u>Id.</u> at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  <u>Id.</u> at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is <u>actually</u> aware.  <u>Id.</u> at 838-842, 114 S. Ct. at 1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Id.</u> at 837, 114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  <u>Id.</u> at 847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  <u>Id.</u> at 842, 114 S. Ct. at 1981.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  <u>Id.</u> at 840-42, 114 S. Ct. at 1981.  However, obviousness <u>per se</u> will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  <u>Jackson v. McIntosh</u>, 90 F.3d 330 (9th Cir. 1996); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  <u>Ortiz v. City of Imperial</u>, 884 F.2d 1312, 1314 (9th Cir.

1989).  A failure to <u>competently</u> treat a serious medical condition, even if some treatment is

prescribed, may constitute deliberate indifference in a particular case.  <u>Id.</u>

Additionally, mere delay in medical treatment without more is insufficient to state

a claim of deliberate medical indifference.  <u>Shapley v. Nevada Bd. of State Prison Com'rs</u>, 766

F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is

no requirement that the delay cause "substantial" harm.  <u>McGuckin</u>, 974 F.2d at 1060, citing

<u>Wood v. Housewright</u>, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and <u>Hudson</u>, 112 S. Ct. at 998-

1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends

to provide additional support for a claim of deliberate indifference; however, it does not end the

inquiry.  <u>McGuckin</u>, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the

medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those

needs, the more likely it is that a plaintiff has established deliberate indifference on the part of

the defendant."  <u>McGuckin</u>, 974 F.2d at 1061.

Plaintiff simply has not framed a colorable Eighth Amendment claim against

DeMars based on his allegation that plaintiff suffered an anxiety attack when DeMars ordered

property removed from plaintiff's cell.  Plaintiff does not allege that defendant DeMars prevented

his treatment; rather, he alleges that he was taken to the emergency room when he had the

episode.  Nor is it enough for plaintiff to assert that this individual did not allow him to groom

himself properly without providing some supporting facts.

"Prison officials have a duty to ensure that prisoners are provided adequate

shelter, food, clothing, sanitation, medical care, and personal safety."  <u>Johnson v. Lewis</u>, 217

F.3d 726, 731 (9th Cir. 2000), citing, inter alia, <u>Farmer v. Brennan</u>, 511 U.S. at 832, 114 S. Ct.

1970; <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir.1982) ("[A]n institution's obligation under

the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food,

clothing, shelter, sanitation, medical care, and personal safety" [internal quotations omitted]).

When an inmate has been deprived of necessities, "the circumstances, nature and duration of a

deprivation...must be considered in determining whether a constitutional violation has occurred." <u>Johnson</u>, <u>supra</u>, at 731.  "'[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.'" <u>Id</u>., quoting <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995).  Under the Eighth Amendment, "[c]onditions must not involve the wanton and unnecessary infliction of pain...." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981).  Plaintiff has not made sufficiently plain in what manner he was not being allowed to groom himself properly, but he will be granted leave to amend.  Even plaintiff's claim that defendant DeMars made a death threat, does not, of itself rise to the level of a constitutional violation as even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  <u>See</u> <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

Finally, plaintiff in his allegations against this defendant DeMars, appears to be asserting a claim unrelated to the gravamen of his complaint against a different defendant, presenting the kind of "mishmash of a complaint" that has been roundly repudiated.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits").  Fed. R. Civ. P. 18(a) provides: "A party asserting a claim, counter-claim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits[.]" <u>Id.</u>

It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons ...may be joined in one action as defendants if: (A) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  However, "[a] buckshot complaint that would be rejected if filed by a free

1   person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him,

2   D failed to pay a debt, and E infringed his copyright, all in different transactions – should be

3   rejected if filed by a prisoner." Id. at 607.  Defendant DeMars will be dismissed without leave to

4   amend.

5           Plaintiff seeks to implicate defendants Grannis and Sinkovich based solely on

6   their involvement in the administrative appeals process.  AC, pp. 8-9.  Prisoners do not have a

7   "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v.

8   Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

9   1988).  Even the non-existence of, or the failure of prison officials to properly implement, an

10  administrative appeals process within the prison system does not raise constitutional concerns.

11  Mann v. Adams, 855 F.2d at 640.  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

12  1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10

13  (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any

14  substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest

15  requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a

16  failure to process a grievance does not state a constitutional violation. Buckley, supra.  State

17  regulations give rise to a liberty interest protected by the Due Process Clause of the federal

18  constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical

19  and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin

20  v. Conner, supra, 515 U.S. at 484, 115 S. Ct. at 2300.[3]  Plaintiff's due process claims against

21

22           [3]  "[W]e recognize that States may under certain circumstances create liberty interests
    which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S.
23  369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to
    freedom from restraint which, while not exceeding the sentence in such an unexpected manner as
24  to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones,
    445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington[ v.
25  Harper], 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of
    psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in
26  relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

1 | defendants Grannis and Sinkovich will be dismissed without leave to amend.

2 |       If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

3 | how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

4 | rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

5 | must allege in specific terms how each named defendant is involved.  There can be no liability

6 | under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

7 | actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

8 | 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9 | Furthermore, vague and conclusory allegations of official participation in civil rights violations

10 | are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11 |       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

12 | order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

13 | amended complaint be complete in itself without reference to any prior pleading.  This is

14 | because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

15 | Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

16 | original pleading no longer serves any function in the case.  Therefore, in a second amended

17 | complaint, as in an original complaint, each claim and the involvement of each defendant must

18 | be sufficiently alleged.

19 |       Plaintiff has requested the appointment of counsel.  The United States Supreme

20 | Court has ruled that district courts lack authority to require counsel to represent indigent

21 | prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

22 | certain exceptional circumstances, the court may request the voluntary assistance of counsel

23 | pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

24 | Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

25 | does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

26 | counsel will therefore be denied.

1    Accordingly, IT IS ORDERED that:

2    1.  Defendants Douglas, Dickinson, DeMars, Grannis and Sinkovich are dismissed

3    from this action;

4    2.  Plaintiff's amended complaint is dismissed for the reasons discussed above,

5    with leave to file a second amended complaint only as to his claims against defendants Clark,

6    Thomas, Swarthout, Hurtado, Gonzalez, Hudnall and McAtee within twenty-eight days from the

7    date of service of this order.  Failure to file a second amended complaint will result in a

8    recommendation that the action be dismissed; and

9    3.  Plaintiff's request for the appointment of counsel, filed on June 28, 2010

10   (docket # 13) is denied.

11   DATED:    September 21, 2010

                                                /s/ Gregory G. Hollows
12
                                              _____
13                                            GREGORY G. HOLLOWS
                                              UNITED STATES MAGISTRATE JUDGE
14   GGH:009
     medi0502.ord
15

16

17

18

19

20

21

22

23

24

25

26