IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENE MEDINA,

      Plaintiff,                        No. CIV S-10-0502 LKK GGH P

   vs.

KATHLEEN DICKINSON, et al.,

      Defendants.            <u>ORDER</u>

_____/

        By order filed on August 10, 2011, the court appointed Tracy Renee Lum as pro bono counsel for plaintiff upon the request of both plaintiff and Ms. Lum and on her representation that she had previously represented plaintiff and was familiar with the facts of the instant case.  Thereafter, however, Ms. Lum moved to withdraw on the basis that the issues of this action did not come within her customary practice and expertise and this pro bono action would consume considerable time and resources she did not have.  By order, filed on August 25, 2011, the court granted the motion and informed plaintiff he must again proceed pro se.

        Plaintiff has again requested the appointment of counsel.  As plaintiff has been previously informed (see orders, filed on Feb. 10, 2011, and on Sept. 21, 2010), the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298

1

(1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In an order filed on July 1, 2011, the court stated that the issues were well articulated by plaintiff and that the court did not find the requisite extraordinary circumstances present sufficient to warrant appointment of counsel.  Nevertheless, plaintiff was therein informed that should the lawyer he had spoken with, Ms. Lum, file a request to the court to be appointed, the undersigned would appoint her.  However, while the court permitted the appointment of specific counsel at counsel's own request, it does not find the required exceptional circumstances to seek voluntary counsel on plaintiff's behalf.  Plaintiff's motion for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's September 14, 2011 (docket # 39) motion for the appointment of counsel is denied.

DATED: October 13, 2011

        /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009/mp
medi0502.31(2)