IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RENE MEDINA,

      Plaintiff,                      No. CIV S-10-0502 LKK GGH P

    vs.

KATHLEEN DICKINSON, et al.,

      Defendants.             ORDER

_____/

      By Order filed on March 15, 2012, defendants were ordered to file a response to plaintiff's December 15, 2012, motion to compel, wherein plaintiff contends that defendants Clark, Hurtado, Gonzalez and Swarthout had been served plaintiff's first set of interrogatories and his first set of requests for production of documents as of November 15, 2011, but plaintiff had yet to receive answers or any document production. In the order, defendants were directed to inform the court whether they had received plaintiff's discovery requests and, if so, whether they had responded to the requests and, if not, why they had not. The court also stated that if defendants never received the discovery requests, they should have responded to the motion to inform both the court and plaintiff. If they did not receive the requests, defendants should nevertheless have responded to plaintiff's motion to so inform both the court and plaintiff.

\\\\\

1

In their response to the order (and belated opposition to the motion), filed on March 16, 2012, defendants contend that they oppose the motion because, not having received the requests, they were unable to respond. Opposition (Opp.). Counsel for defendants includes a copy of a letter sent to plaintiff requesting re-service of the discovery requests following plaintiff's filing of the motion to compel, the response by plaintiff being only that he had not received the discovery responses. Opp., pp. 1-2 & Exhibit A & docket # 48. Defendants further explain that while a search of logs of incoming mail to the Attorney General's Office reveals that the discovery requests were received in the AG's office on November 15, 2011, they somehow were never received by counsel for the defendants. Opp., at 2. In any event, defendants' counsel asks that the motion to compel be denied but that plaintiff be directed to re-serve the discovery requests, after which defendants would respond timely.

By order, filed on November 1, 2011, plaintiff's request to extend the discovery deadline was granted and discovery was "re-opened for the limited purpose of permitting plaintiff to serve his prepared discovery requests upon defendants within fourteen days of the filed date of [that] order." The discovery deadline was extended to December 28, 2011, and the pretrial dispositive motion was extended to April 11, 2012. Defendants filed their motion for summary judgment on April 10, 2012. In his opposition to the motion, filed on April 26, 2012, plaintiff focuses on his not having received responses to his discovery requests which he believes would be crucial to his opposition.

It now appears, through no fault of his own, that plaintiff's discovery requests were not received by the defendants. It is somewhat curious why plaintiff failed to re-serve the requests when counsel for defendants so informed plaintiff. In any event, the court will construe plaintiff's opposition to the summary judgment motion as a request for a continuance of the dispositive motion, pursuant to Fed. R. Civ. P. 56(d), and will grant the continuance, direct plaintiff to re-serve his discovery requests upon defendants one more time and will require that defendants serve their responses within fourteen days of receiving the requests. While

defendants may posit appropriate objections, the court will scrutinize such objections for reasonableness under the circumstances; if any privilege is claimed, the privilege must be carefully and properly invoked and accompanied by a privilege log.

Accordingly, IT IS ORDERED that:

1. Plaintiff is directed to re-serve his discovery requests upon the defendants within fourteen days of the date this order is filed; defendants are directed to serve responses to those requests on an expedited basis, that is, within fourteen days of service of the requests;

2. Plaintiff's motion to compel discovery responses, filed on December 15, 2011 (docket # 47), is denied without prejudice to a further motion to compel;

3. Plaintiff's April 26, 2012, opposition to defendants' April 10, 2012, motion for summary judgment, is construed as a motion for a continuance, pursuant to Fed. R. Civ. P. 56(d), of the court's consideration of the pending dispositive motion until after plaintiff has been served with defendants' discovery responses, referenced above; and

4. Both the deadlines for discovery and the filing of dispositive motions are hereby extended to accommodate the requirements of this order; defendants' motion for summary judgment at docket # 51 is vacated from the court's calendar subject to being re-noticed (without the need to re-file the motion itself) once defendants have served their discovery responses.  Thereafter, plaintiff will have thirty days to file his opposition (or supplemental opposition) to the motion for summary judgment, after which defendants will have seven days to file any reply, and the matter will then be deemed submitted for adjudication.

DATED: May 9, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
medi0502.ord5